UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN J. PATTERSON,

                              Plaintiff,

               -against-

SHAWN PATTERSON, Landlord; PAMELA
GAMBIT; NICOLE WOODIN; FRANK J.
PALERMO; ERIC HARDIN; STEVE ROMAN;
FARAHASHI M.; CARLOS CASTRO; SCOTT
A. SHEEHAN; JAMES TREMPER,

                              Defendants.

**ORDER OF SERVICE**

20-CV-2552 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated April 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

**DISCUSSION**

**A.     Claims against Shawn Patterson**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Shawn Patterson is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under § 1983.

**B.      Service on remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Pamela Gambit, Nicole Woodin, Frank J. Palermo, Eric Hardin, Steve Roman, Farahashi M., Carlos Castro, Scott A. Sheehan, and James Tremper through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Shawn Patterson. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Pamela Gambit, Nicole Woodin, Frank J. Palermo, Eric Hardin, Steve Roman, Farahashi M., Carlos Castro, Scott A. Sheehan, and James Tremper and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:    New York, New York
          April 23, 2020

_____
PHILIP M. HALPERN
United States District Judge

### DEFENDANTS AND SERVICE ADDRESSES

1.      Pamela Gambit
        Town of Woodbury Animal Care and Control
        615 Route 32
        P.O. Box 1004
        Highland Mills, NY 10930

2.      Nicole Woodin
        Town of Woodbury Animal Care and Control
        615 Route 32
        P.O. Box 1004
        Highland Mills, NY 10930

3.      Frank J. Palermo
        Town of Woodbury Supervisor
        615 Route 32
        P.O. Box 1004
        Highland Mills, NY 10930

4.      Eric Hardin
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917

5.      Steve Roman
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917

6.      Farahvashi M.
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917

7.      Carlos Castro
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917

8.      James Tremper
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917

9.      Scott A. Sheehan
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917