UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN J. PATTERSON,

                                    Plaintiff,

                    -against-

SHAWN PATTERSON, et al.

                                    Defendants.

**MEMORANDUM**
**OPINION AND ORDER**

20-CV-02552 (PMH)

PHILIP M. HALPERN, United States District Judge:

Shawn J. Patterson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against Pamela Gambit d/b/a Animal Control Manager ("Gambuti"), Nicole Woodin d/b/a Animal Control Officer, Frank J. Palermo d/b/a Town of Woodbury Board of Supervisors ("Palermo"), Eric Hardin d/b/a Town of Woodbury Police Department/Detective, Steven Roman ("Roman"), Farahvashi M ("Farahvashi"), Carlos Castro ("Castro"), James Tremper ("Tremper"), Scott A. Sheehan d/b/a Woodbury Police Officer/Sergeant (collectively, "Town Defendants"), Gene Heck ("Heck"),[1] and Shawn Patterson d/b/a Landlord ("Patterson Sr."). (Doc. 1; Doc. 34, "Am. Compl."). Plaintiff asserts claims for violations of his constitutional rights in connection with the seizure of his dogs in March 2020.

The Town Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56 on July 23, 2021. (Doc. 58; Doc. 60, "Def. Br."). Plaintiff opposed the motion on September 8, 2021. (Doc. 63; Doc. 64, "Opp."; Doc. 65).[2] The motion was briefed fully with the filing of the Town Defendants' reply memorandum of law in further support of their motion for summary judgment on October 18, 2021 (Doc. 67, "Reply").

---

[1] On June 1, 2021, the Court deemed Plaintiff's pleading amended to identify defendant Heck in lieu of "Gene d/b/a Chief of Police of the Hudson Valley Humane Society Law Enforcement Dept." (Doc. 50).

[2] Plaintiff's opposition to the Town Defendants' motion was due by August 20, 2021. (Doc. 56). The Court *sua sponte* extended Plaintiff's time to file his opposition to October 15, 2021. (Doc. 62).

For the reasons set forth below, the Town Defendants' motion is GRANTED.

## BACKGROUND

The facts recited herein are drawn from the Amended Complaint,[3] the Town Defendants' Rule 56.1 Statement (Doc. 59-11, "Def. 56.1 Stmt."), Plaintiff's response thereto (Doc. 59-12, "Pl. Resp."), the Declaration of Ari I. Bauer, Esq. in support of the motion for summary judgment (Doc. 59, "Bauer Decl.") together with the exhibits annexed thereto, and the Declaration of Shawn J. Patterson in opposition to the motion (Doc. 65, "Pl. Decl.").

On or about March 11, 2020, Gambuti and members of the Town of Woodbury Police Department arrived at Plaintiff's apartment, the upper unit of a single-family residence in Highland Mills, New York. (Am. Compl. at 2; Def. 56.1 Stmt. ¶¶ 1-3; Pl. Resp. ¶¶ 1-3). Plaintiff's father, Patterson Sr., the titled owner of the residence and Plaintiff's landlord, had contacted authorities to have Plaintiff's eighteen dogs removed from the house. (Am. Compl. at 2; Pl. Decl. ¶ 2; Def. 56. Stmt. ¶ 1; Pl. Resp. ¶ 1; Bauer Decl. Ex. J, "Gambutti Tr." at 34:6-8). When Gambuti and the officers arrived at the residence, Patterson Sr. signed one form consenting to a search of his house and another form surrendering the dogs to the Town of Woodbury. (Def. 56.1 Stmt. ¶ 6; Pl. Resp. ¶ 6; Bauer Decl. Ex. O; Bauer Decl. Ex. P). Patterson Sr. then granted Gambuti and the officers access to the residence. (Def. 56.1 Stmt. ¶ 7; Pl. Resp. ¶ 7). A total of eighteen dogs were removed from the home. (Def. 56.1 Stmt. ¶ 9; Pl. Resp. ¶ 9).

When Plaintiff returned home, he notified the police that his dogs were missing. (Am. Compl. at 2; Def. 56.1 Stmt. ¶ 12; Pl. Resp. ¶ 12). Defendants Roman, Farahvashi, Tremper, and Castro responded to Plaintiff's call; they and Patterson Sr. explained to Plaintiff that the dogs had been surrendered and taken to the Hudson Valley SPCA. (Def. 56.1 Stmt. ¶¶ 12-13; Pl. Resp. ¶¶

---

[3] Citations to page numbers of documents filed by Plaintiff correspond to the pagination generated by ECF.

12-13). Heck, of the Hudson Valley SPCA, advised Plaintiff on March 13, 2020 that Plaintiff would have to provide documentation of ownership, vaccination, and various town certifications in order to get the dogs back. (Am. Compl. at 2; Def. 56.1 Stmt. ¶ 15; Pl. Resp. ¶ 15). Plaintiff claims that despite providing Heck with the requested documents, on March 16, 2020, Plaintiff was advised that he would not be getting the dogs back. (Def. 56.1 Stmt. ¶ 16; Pl. Resp. ¶ 16).

On or about March 24, 2020, Plaintiff commenced the instant action. On April 23, 2020, the Court dismissed Plaintiff's claims against Patterson Sr. and ordered service of the Complaint on the remaining defendants. (Doc. 6). On or about June 9, 2020, Plaintiff transferred ownership of the eighteen dogs to a trust. (Def. 56.1 Stmt. ¶ 18; Pl. Resp. ¶ 18; Bauer Decl. Ex. I, "Patterson Tr." at 85:16-86:13; Pl. Decl. ¶ 3). On July 16, 2020, the Court received a "Trustee Letter of Notice & Warning" signed by "Public Minister" and Trustee Jamal B. Amu'Ra El, which purported to order the immediate return of certain trust property belonging to the Synergy F.I.N.A.O. Family Revocable Trust. (Doc. 27). Annexed to the Notice was a UCC Financing Statement purporting to cover the assets described in a document attached to the Financing Statement. (*Id*. at 3-4). The attachment is entitled "Synergy F.I.N.A.O. Family Revocable Trust Subject Property Description" and sets forth a list of puppies and full-grown dogs transferred by Plaintiff to said trust. (*Id*. at 5-7). Plaintiff filed the operative Amended Complaint on September 3, 2020.

The Town Defendants now move for summary judgment contending, *inter alia*, that the record evidence demonstrates that the Town Defendants did not violate Plaintiff's constitutional rights and that Plaintiff lacks standing to maintain this action.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id*. (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial . . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id*. (citing *Giannullo v. City of New York*, 322

4

F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts . . . ." *Id*. (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must establish also its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (explaining that summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant . . . is proper").

The Court is, of course, mindful that "[*p*]*ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks omitted). "It is through this lens of leniency towards *pro se* litigants

that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v. Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (explaining that the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment" (internal quotation marks omitted)); *Ross v. Koenigsmann*, No. 14-CV-01321, 2017 WL 9511096, at *1 (N.D.N.Y. Aug. 16, 2017), *adopted sub nom. Ross v. Mannava*, 2017 WL 4338883 (N.D.N.Y. Sept. 29, 2017).

## ANALYSIS

The Court first considers the threshold issue of Plaintiff's standing to maintain this suit before considering the matter on the merits. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 84 (2d Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

I.   The Town Defendants

The Town Defendants' challenge to Plaintiff's standing implicates the prudential standing rule which "normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 40 (2d Cir. 2015). Prudential standing is a threshold question that may be resolved before

considering a matter on the merits. *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.") (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)); *Adson5th, Inc. v. Bluefin Media, Inc.*, No. 16-CV-00143, 2017 WL 2984552, at *4 (W.D.N.Y. July 13, 2017). Prudential standing may also be analyzed under Federal Rule of Civil Procedure 17(a), which requires that an action be prosecuted in the name of the real party in interest.

As discussed above, the party moving for summary judgment bears the burden of proof; however, "the question of which party bears the burden of proof in the Rule 17 context is unsettled." *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361, 2021 WL 3541153, at *4 (S.D.N.Y. Aug. 11, 2021). In this case, that uncertainty is of no moment. Regardless of which party bears the burden of proof on the issue of Plaintiff's standing, as more fully discussed below, the relevant fact—that Plaintiff relinquished his ownership interest in the dogs by transferring ownership to a trust—is undisputed.

Plaintiff does not dispute that he relinquished ownership of the eighteen dogs to a trust and transferred his interest in the dogs to the trust after he commenced this action. (Def. 56.1 Stmt. ¶ 18; Pl. Resp. ¶ 18; Patterson Tr. at 85:16-86:13; Pl. Decl. ¶ 3). Plaintiff contends that he is the purported beneficiary of the trust, although he does not provide a copy of the trust agreement. (Pl. Decl. ¶ 3). Even accepting as true Plaintiff's self-serving statement that he is the trust beneficiary, "New York law[4] plainly states that a trust beneficiary does not own property that is held in trust." *In re Stillwater Asset Backed Offshore Fund Ltd.*, 559 B.R. 563, 602

---

[4] Although the Court has not been provided with a copy of the trust agreement, and therefore cannot determine if the agreement expressly speaks to its governing law, the parties have relied on New York law in their briefs. (*See* Opp. at 6 (citing *CFIP Master Fund, Ltd. v. Citibank, N.A.*, 738 F. Supp. 2d 450, 478 (S.D.N.Y. 2010) (applying New York law)); Reply at 5-6). This is sufficient to establish the governing law in this action, and accordingly, the Court applies New York law in resolving the Town Defendants' motion for summary judgment. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 180 (S.D.N.Y. 2011).

(Bankr. S.D.N.Y. 2016) (citing N.Y. Est. Powers & Trusts Law § 7-2.1, practice commentaries (McKinney)). Under this principle, therefore, a trustee ordinarily must be the one to commence a lawsuit seeking recovery of property held in a trust. *Id.* at 604; *see also Modjeska v. Greer*, 649 N.Y.S.2d 734, 735 (App. Div. 1996) (trust beneficiary did not own trust property and therefore could not sue third party for alleged conversion); *Wynyard v. Beiny*, 625 N.Y.S.2d 27, 28 (App. Div. 1995) (beneficiary's purported pledge of stock held in trust was invalid and specific performance was therefore impossible because trust owned the stock); *Cohn v. U.S. Trust Co.*, 512 N.Y.S.2d 37 (App. Div. 1987) (trust beneficiaries have no power to transfer trust assets because they "do not take a legal estate in the trust property")).

Likewise, Federal Rule of Civil Procedure 17(a) requires that an action be prosecuted in the name of the real party in interest, and in the case of a trust, the real party in interest is its trustee. Fed. R. Civ. P. 17(a)(1)(E). However, a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Thus, unlike a deficiency in constitutional standing, a failure to satisfy the prudential requirements of standing can be cured after the complaint is filed. *See* Fed. R. Civ. P. 17(a)(3); *Lavaggi v. Republic of Argentina*, No. 04-CV-05068, 2008 WL 4449347, at *2 (S.D.N.Y. Sept. 30, 2008) (granting plaintiff leave to amend complaint as re-transfer of ownership of bonds to plaintiff cured defect of prudential standing). Here, however, Plaintiff has not attempted to join the trust as a party or otherwise pursue his options under Rule 17. *See Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, No. 14-CV-10116, 2020 WL 1285783, at *14 n.24 (S.D.N.Y. Mar. 18, 2020) ("[S]tanding could be satisfied only by means of a Federal Rule of Civil Procedure 17 ratification, which Plaintiffs have not pursued in this case."), *aff'd sub*

*nom. Phoenix Light SF DAC v. U.S. Bank Nat'l Ass'n*, No. 20-1312-CV, 2021 WL 4515256 (2d Cir. Oct. 4, 2021).

As well, under New York law, "a trust beneficiary may have derivative rights to pursue a claim in the name of the trust (not in its own right) if the trustee fails to act or if the trustee refuses to act." *In re Stillwater Asset Backed Offshore Fund Ltd.*, 559 B.R. at 604 (citing 106 N.Y. Jur. 2d Trusts § 200); *CFIP Master Fund, Ltd. v. Citibank, N.A.*, 738 F. Supp. 2d 450, 477 (S.D.N.Y. 2010) ("The beneficiary's showing of why the beneficiary should be entitled to bring a suit on behalf of the trustee 'will normally require either a showing of a demand on the trustee[] to bring the suit, and of a refusal so unjustifiable as to constitute an abuse of the trustee's discretion, or a showing that suit should be brought and that because of the trustee[']s conflict of interest, or some other reason, it is futile to make such a demand.'" (quoting *Velez v. Feinstein*, 451 N.Y.S.2d 110, 115 (App. Div. 1982))). Plaintiff has not, however, made a showing of why he—assuming he is the beneficiary of the trust—should be entitled to maintain this action on behalf of the trustee.

Plaintiff, attempting to establish his standing to maintain this action, states in his Declaration in Opposition the following: "I have repeatedly tried to get in contact with [the trustee, Mr. Jamal B. El] for many months but thus far my efforts have only been met with radio silence." (Pl. Decl. ¶ 5). Plaintiff concludes, in his opposition brief, that based on that alleged silence, "Mr. El has unjustifiably neglected to continue to pursue this action or bring a new action against the Town Defendants, leaving Plaintiff as the sole individual able and willing to continue to litigate his claim." (Opp. at 6). Plaintiff does not state, in his Declaration or the brief, that he asked the trustee to be a party to this action, that the trustee refused to be a party to this action, or that the trustee refused to bring a separate action. Plaintiff does not state what efforts

he made to contact the trustee, when he made such efforts, how he made such efforts, or what he attempted to communicate to the trustee.

The Town Defendants first raised their objection to Plaintiff's lack of standing during an on-the-record telephone conference with the Court on September 1, 2020. The Town Defendants then, in their September 14, 2020 Answer to the Amended Complaint, asserted three affirmative defenses that clearly put Plaintiff on notice that they were challenging Plaintiff's standing. (Doc. 37 at 5). Tremper filed his Answer to the Amended Complaint on January 5, 2021, and also raised three affirmative defenses concerning Plaintiff's lack of standing due to the transfer of the dogs into the trust. (Doc. 38 at 4). On June 8, 2021, the Town Defendants filed a pre-motion conference letter in connection with their anticipated motion for summary judgment, again expressing clearly their objection to Plaintiff's standing. (Doc. 55). Notwithstanding the foregoing challenges, Plaintiff did not seek leave to amend his pleading or request that the real party in interest ratify, join, or be substituted into the action.[5] Moreover, the record here is clear that the trustee was and is well-aware of this action. (*See* Doc. 27).

Plaintiff's self-serving and incomplete testimony in his Declaration in Opposition that he tried to get in contact with the trustee is insufficient to create a genuine dispute of fact. *See Brown v. Phipps*, No. 19-CV-04356, 2021 WL 3604664, at *5 (S.D.N.Y. Aug. 12, 2021); *see also Deebs v. Alstom Transp., Inc.*, 346 Fed. App'x 654, 656-57 (2d Cir. 2009) (explaining that plaintiffs' "own self-serving testimony" is insufficient to defeat summary judgment in the face of documentary evidence adduced during discovery); *Lozada v. Delta Airlines, Inc.*, No. 13-CV-

---

[5] Rule 17(a) requires that a "real party in interest" deficiency be remedied within "a reasonable time." Fed. R. Civ. P. 17(a)(3). Even if, in connection with this motion practice, Plaintiff had raised Rule 17 or sought leave to amend, or to permit ratification or substitution, the Court would still dismiss this action for failure to seek such leave within a "reasonable time" under the Rule. *See Chrebet v. Cty. of Nassau*, No. 09-CV-004249, 2014 WL 1836835, at *21 (E.D.N.Y. May 8, 2014). Nor does the Court find any semblance of a reasonable basis for the naming of an incorrect party. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).

07388, 2014 WL 2738529, at *5 (S.D.N.Y. June 17, 2014) (noting that "[plaintiff's] self-serving, incomplete, and inconsistent recollection is not sufficient to create a genuine dispute of fact in light of [defendant's] documented evidence"). Plaintiff's unsupported and incomplete statements, considered in light of the record in this case, are simply insufficient to establish a genuine issue of material fact.

The Town Defendants have established their entitlement to judgment as a matter of law, and because Plaintiff failed to controvert that showing or raise a dispute of material fact, the Town Defendants are entitled to summary judgment. Under these circumstances, Plaintiff's claims under 42 U.S.C. § 1983 against the Town Defendants are dismissed.

## II.    Defendants Heck and Patterson Sr.

Plaintiff's claims against Heck and Patterson Sr. must also be dismissed due to Plaintiff's lack of standing. Although Heck has not appeared in this action[6] and, as such, did not join the Town Defendants' motion, the Court has discretion to raise *sua sponte* the issue of standing. *Keepers*, 807 F.3d at 39; *see also Canadian St. Regis Band of Mohawk Indians v. State of N.Y.*, 573 F. Supp. 1530, 1534 (N.D.N.Y. 1983) (dismissing *sua sponte* plaintiffs' claims where individual plaintiffs cannot meet prudential standing requirements under the Nonintercourse Act). As discussed above, Plaintiff's lack of standing impedes his ability to maintain this suit.

---

[6] While entirely immaterial here, the Court questions whether Heck has been properly served with process. On June 2, 2021, the Court issued an Order of Service, directing service on Heck by the U.S. Marshals. (Doc. 53). On June 22, 2021, the Court received a document entitled "Certificate of Service" that Plaintiff mailed to the Court. (Doc. 57). The document purports to be proof of service made on May 25, 2021 (a week prior to the Court's Orders deeming the pleading amended to include Heck and directing service) by the Orange County Sheriff's Office upon the Hudson Valley SPCA, Inc. via "Corporate Service," by delivering a copy of "the within Trial By Jury Demanded" on Heck, the "Manager thereof." (*Id.*). The Certificate of Service is clearly deficient in multiple respects. Thereafter, more than ninety days elapsed from the date the summons was issued before the U.S. Marshals were able to attempt service. (*See* Doc. 66). Plaintiff never requested an extension to serve Heck under Rule 4(m).

In addition, Patterson Sr. is a private party who does not work for any state or other government body, and who therefore is not liable under 42 U.S.C. § 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). The Court therefore dismisses Plaintiff's claims against Heck and Patterson Sr. under 28 U.S.C. §§ 1915(e)(2)(B).

## CONCLUSION

For the foregoing reasons, the Town Defendants' motion for summary judgment is GRANTED.[7] Plaintiff's claims against Defendants Patterson Sr. and Heck are dismissed under 28 U.S.C. §§ 1915(e)(2)(B). Plaintiff's Amended Complaint is, accordingly, dismissed.[8]

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 58 and close this case.

Dated:  White Plains, New York
         February 7, 2022

                                        SO ORDERED:

                                        _____
                                        Philip M. Halpern
                                        United States District Judge

---

[7] Given the conclusions reached herein, the Court does not address the Town Defendants' remaining arguments for summary judgment.

[8] The Court notes that because the prudential standing issue in this case does not concern the merits of Plaintiff's claims, the dismissal is without prejudice. *See Adson5th, Inc.*, 2017 WL 2984552, at *7.